UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. |
| | ) | 3:21-CR-00014 DJH |
| | ) | |
| JAMEKQUA HOLT, | ) | DEFENDANT |
| | ) | |

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**
**&**
**SENTENCING  MEMORANDUM**

*- Electronically Filed –*

Comes Defendant, JAMEKQUA HOLT, by Counsel, John J. Llewellyn, and for her Motion for Downward Departure and Sentencing Memorandum in support of her sentencing now scheduled for May 23, 2022, and states.

**INTRODUCTION**

On September 23, 2021, during a change-of-plea hearing Ms. Holt entered a plea of guilty to Count 1 of the Indictment for violation of 18 U.S.C. § 922(a)(6), False Statement During Purchase of a Firearm.  Prior to the commencement of the change-of-plea Ms. Holt enter into a plea agreement pursuant to FRCrP Rule 11(c)(l)(B).  The Court accepted Ms. Holt's change-of-plea and entered an Order to proceed to Sentencing [DN 38]

**GUIDELINE  CALCULATION**

Pursuant to language in the plea agreement [DN 67] the United States concluded the "Applicable Offense Level" to be a total of 12.  The Pre-Sentence Investigation Report assigns a "Total Offense Level:" of 12.

On April 29, 2022, on behalf of Ms. Holt, counsel sent to the US Probation Office a letter of supplemental objections to the US Probation Pre-Sentence Report. The objection addressed the failure of

1

the PSR to identify factors that may warrant a downward departure. Specifically, the existence of factors pursuant to USSG §5H1.6. Family Ties and Responsibilities. Further discussion of this issue will be presented below under the heading SENTENCING CONSIDERATIONS.

Regarding Ms. Holt's Criminal History she presently has a Criminal History Category Score of II. It is anticipated that following proceedings in state court which are pending at the time of this writing, there will be a final disposition of dismissal for the charges that are now contributing to the Criminal History Category Score of II. The resulting dismissal of those state court charges should allow for a revised Criminal History Category Score of I and applicable guideline sentencing range from the USSG 2018 Sentencing Guidelines Manual Sentencing Table is 10-16 Months placing Ms. Holt in Zone C.

## SENTENCEING CONSIDERATIONS

This discussion must begin with the understanding that Ms. Holt is a very young single mother. Her daughter just turned 3 in April. She has full custody and resides in a small home, just her and her daughter. As indicated in the PSR, she cares for her daughter "… on her own…"

To these circumstances, the importance of a sentence of probation cannot be overstated.

Following considerable efforts to reach a plea agreement a recommendation of Probation from the United States was written into the plea agreement. The recommendation for probation was to be achieved through a 4 level downward departure recommendation which was dependent upon some very specific conditions. Except for one of those conditions Ms. Holt, has, to date, complied with each of the conditions.

- She has completed outpatient drug treatment to the satisfaction of the US Probation Office
- She has completed a parenting course.
- She has maintained full time employment.
- She failed to NOT test positive for any controlled substances.

On April 1, 2022, a "Pretrial Violation Notice" was filed by Probation [DN 48] indicating that Ms. Holt had tested positive for marijuana. On April 5th the United States withdrew its agreement to recommend a 4 level downward departure.

Any arguments from here forward are in no way meant to minimize the reality of Ms. Holt's failure to abide by this condition of her plea agreement. She admitted to the use of marijuana on this one

2

occasion and she understands it was an infraction.

The arguments to follow are to show that in spite her breach to this condition of her plea agreement there remains, within the individual circumstances of Ms. Holt's situation, a sufficient basis upon which to justify a sentence of probation. That a sentence of probation is an appropriately individualized sentence needed to meet requirements for sentencing established in the Sentencing Guidelines and under the requirements of 18§U.S.C.A. 3553(a) A sentence of probation is "…sufficient, but not greater than necessary…"

**Pursuant to USSG §5H1.6 Defendant Moves for a Downward Departure of 4 Levels**

To make this argument it must be recognized that USSG §5H1.6—Family Ties and Responsibilities "…are not ordinarily relevant in determining whether a departure is warranted." Application of the Departure is found in the Application Notes: Commentary 1. Circumstances to Consider. – Specifically, (B) Departures Based on Loss of Caretaking or Financial Support.

As USSG § 5H1.6—Family Ties and Responsibilities applies to Ms. Holt's circumstances there are 4 criterial elements to be established.

There are ample indications in the Pre-Sentence Report to justify a downward departure within the context of the inevitable consequences for Ms. Holt's daughter if she loses the love care and attention of her mother due to a term of incarceration

Ms. Holt is the sole caretaker and is the sole provider of the financial support for her daughter. Granted Ms. Holt and her mother may communicate on a daily basis and from time-to-time Ms. Holt's mother may, contribute in small ways, to help with her daughter's parenting responsibilities, but the extent of her help is limited. Ms. Holt's mother is not in a position to assume full responsibility for the care or the financial support of Ms. Holt's daughter and the assistance she does provide cannot be regarded as a replacement. She, herself, is a mother providing care and support of school age children of her own and works full time outside the home.

The parenting help Ms. Holt may receive from her mother pretty much represents the entirety of

Ms. Holt's support system.  The father of Ms. Holt's daughter is presently incarcerated and is physically unable to provide any assistance or to even serve as a possible resource for the care and support of this child.  There are no other extended family relations or available family members that Ms. Holt regards as suitable to provide a full-time substitute for care and support for her daughter if she were to receive a sentence of incarceration.

Given the full extent of these circumstances a sentence of incarceration will certainly result in a loss of essential caretaking and essential financial support for her daughter.  Contrary to the conclusions in the final PSR [DN 49.] in the Second Addendum Page 2 of 3 PageID #: 148. Ms. Holt's mother is employed as a certified nurses assistant and is not able to assume any type of full-time responsibility for the care and support of Ms. Holt's daughter more than the limited amount she now provides.  Yes, she could "…assist in the care of defendant's daughter if a term of incarceration was ordered…" as does Ms. Holt assist her mother with her school age children, but the extent of any assistance from Ms. Holt's mother would not serve as an adequate replacement. The loss of care and support from a term of incarceration is not only irreplaceable, but the consequences may well result in some type of public intervention or some type of governmental placement for the care of her daughter.  This would certainly be an outcome that substantially exceeds the harm ordinarily incident to incarceration. As well as establish a situation for which no effective remedial or ameliorative programs reasonably are available, thus making the defendant's caretaking and financial support irreplaceable without feasible alternatives of care which are relatively comparable to that of a mother's love, care and support.

Finally, a downward departure sufficient to enable a sentence of probation, with suitable conditions in place would accomplish the objectives of the Application Notes: Commentary of §5H1.6 of the Guidelines by allowing Ms. Holt to remain in her present position of primary care giver for her daughter and would prevent the loss of caretaking or financial support for her daughter.

It is recognized that to satisfy the elements of proof in the application of USSG § 5H1.6—Family Ties and Responsibilities the determination is reserved for "extraordinary cases." As well as cases where

the situation is without feasible alternatives of care. The explanation of conditions as outlined above satisfy the standards prescribed by of USSG § 5H1.6 and certainly present an objective basis to justify a downward departure in Ms. Holt's case.

> ***United States v. Spero***, 382 F.3d 803, 805 (8th Cir. 2004) "When one parent is critical to a child's well-being, as in this case, that qualifies as an exceptional circumstance justifying a downward departure..." See Also; ***United States v. Reyes-Rodriquez***, 344 F.3d 1071 (10th Cir. 2003) "…case law indicates a downward departure for family circumstances is warranted where the 'defendant [is] the only individual able to provide the assistance a family member needs." Citing: ***United States v. McClatchey***, 316 F.3d 1122, 1131 (10th Cir.2003).
> ***United States v. Pereira***, 272 F.3d 76, 83 (1st Cir. 2001) ("As long as there are feasible alternatives of care that are relatively comparable to what the defendant provides, the defendant cannot be irreplaceable.").

**18 §U.S.C.A. 3553(a) Factors in Determining an Appropriate Sentence**

This Court must ultimately impose a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C §3553(2)(a). In determining an appropriate sentence, the Court must consider a multitude of factors. Those factors include but are not limited to factors contained in 18 §U.S.C.A. 3553(a). The analysis of these factors in sentencing are never "a one size fits all" analysis. The ultimate objective is to achieve a sentence individualized to the defendant and in doing so consider factors unique to each individual Defendant. It is at this point in the sentencing process the Defendant can present the full circumstances of her story. To include aspects of her life, her background and life history not fully presented in the presentence report and to highlight some of those conditions that are contained in the presentence report.

> See: ***Rita v. United States***, 551 U.S. 338 (2007) (Stevens, J., concurring) "Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civic, charitable, or public service are not ordinarily considered under the Guidelines [but are] matters that § 3553(a) authorizes the sentencing judge to consider."

**1. If a Guidelines §5H1.6 Downward Departure is Not Warranted a Variance is:**

Courts have broad discretion to vary downward, understanding that a downward departure is not a variance. Variances are not subject to the guideline analysis for departures and courts have authority to grant a variance in situations where a downward departure may not apply. ***United States v. Chase***, 560

F.3d  828 (8th Cir. 2009)

Without conceding the argument that Ms. Holt's circumstances warrant a USSG §5H1.6 downward departure we argue here that a variance under 18 U.S.C. § 3553(a) factors is warranted.

The articulation for this notion of granting a variance as opposed to a downward departure relative to a USSG §5H1.6—Family Ties and Responsibilities is contained in the analysis set forth in ***United States v. King***, 201 F. Supp. 3d 167 (D.D.C. 2016).  This case presents some similar conditions to Ms. Holt's situation.  In the case being cited here the Court, ultimately, found an insufficient basis for a downward departure, but did turn to an alternative sentence to incarceration to remedy the concern for the ultimate loss of care and financial support of a single parent. The Court's explanation for granting a variance, as opposed to a downward departure was, in part, based on the position that for the sake of keeping Defendant's family together she didn't deserve a sentence of incarceration.

## 2. Age

A defendant's youth is also a valid consideration in sentencing.  With regards to Ms. Holt, "age" is more appropriately termed "immaturity."  **Gall v. United States** , 552 U.S. 38, 58 (2007).  This is not to say that her immaturity is an excuse for her criminal behavior, but it is a factor in the measure of her criminal conduct. A lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults and may be a more understandable rationale for conduct among the young. These qualities often result in impetuous decisions and ill-considered actions. The relevance of youth as a mitigating factor derives from the fact that some of these qualities in youth are transient, as individuals mature the impetuousness and recklessness that may dominate in younger years can and more than likely will dissipate.  If the Court is looking for some indication from Ms. Holt as to her intent to move beyond the level of immaturity that resulted in this criminal conduct, it can be found in her efforts to abide by the conditions of conduct prescribed in her plea agreement.  But for the single infraction from the March drug test Ms. Holt has been persistent in her diligence to satisfy the terms of her plea agreement.  She has maintained continuous employment since the entry of her change of plea, she has completed the parenting classes and she has completed the drug treatment program as prescribed and since the positive drug test in

March she is seeking to re-engage in further outpatient drug treatment classes. These efforts by Ms. Holt are a clear signal of her effort to grow in maturity which will serve to protect the public from further criminal conduct from Ms. Holt.

**3. 18 U.S.C § 3553(a)(6), the Need To Avoid Unwarranted Sentencing Disparities Among Defendants**

Though the circumstances may not technically mirror the specific language of 18 U.S.C § 3553(a)(6) the sentence of one of the Defendants named in Ms. Holt's PSR under the heading "Related Cases" must be recognized as a disparity in sentencing of defendants involved in similar conduct. The comparison being made is to the conduct of two defendants' relative to the Ruger, Model PC Charger, 9 millimeter handgun, bearing serial number 913-16283.

One of the Defendants named in Ms. Holt's PSR as a defendant in a "Related Case" plead guilty to the charge of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. This Defendant's total offense level was calculated at 21 and a criminal history category I. The guideline imprisonment range was 37 to 46 months, and the plea agreement contained a recommendation for a sentence at the low end of the guideline range.

The common thread between the conduct of the "Related Case" Defendant and Ms. Holt's conduct involved the Ruger, Model PC Charger, 9 millimeter handgun, bearing serial number 913-16283. This is the same gun that was purchased by Ms. Holt at the Knob Creek gun range and was the subject of the firearms purchasing documents Ms. Holt plead guilty to falsifying. Sometime after the purchase of the gun it came into the possession of this "Related Case" Defendant. During the course of a traffic stop of a vehicle being driven by the "Related Case" Defendant the Ruger, Model PC Charger, 9 millimeter handgun was identified as being in the vehicle along with a quantity methamphetamine all of which was seized from possession of this "Related Case" defendant.

At the sentencing of this "Related Case" Defendant a sentence of 3 years' probation was entered.

Ms. Holt's is now facing a possible sentence of incarceration of 10 to 16 months, assuming a Criminal History Category of I, on a guideline offense level calculation of 12 compared to the sentence of

the "Related Case" Defendant who received a sentence of 3 years' probation with an Offense Level calculation 21, a criminal history category I and a guideline imprisonment range of 37 to 46 months.

The conduct of the "Related Case" Defendant was similar enough to Ms. Holt's, relative to this firearm, that the "Related Case" Defendant's conduct warranted mentioned on multiple occasions in the "Offense Conduct" portion of Ms. Holt's Pre-Sentence Report.

Imposing a sentence of incarceration for her conduct relative to this firearm when a "Related Case" Defendant received a sentence of probation with a guideline imprisonment range of 37 to 46 month will result in a sentence for Ms. Holt that is an overstatement of the seriousness of the crime and will create a disparity in sentences not intended by 18 U.S.C § 3553(a)(6).

**4. 18 U.S.C § 3553(a)(3) Requires the Consideration of the Kinds of Sentences Available.**

Given Ms. Holt's present Offense Level and assuming a Criminal History Category no greater II she falls into  Zone C of the for purposes of sentencing. Even though the advisory guideline falls within Zone C where a probationary sentence is traditionally prohibited under the Guidelines, the court may nonetheless impose a sentence of probation if it complies with the provisions of 18 U.S.C. § 3553(a). *Gall v. United States*, 128 S. Ct. 586, 169 L.Ed.2d 445, 552 U.S. 38. It is important to note that a sentence of probation though not imprisonment it is still a significant punishment and can have substantial limitations on a defendant's liberties.

To be clear the argument here is not asking for the elimination of an appropriate punishment. The need remains for the court to impose a sentence that achieves that balance between that which is sufficient, against that which is not greater than necessary.

The opportunity exists to structure a sentence of probation that provides sufficient punishment and at the same time offers conditions that have a significant rehabilitative effect greater than could be attained through a term of incarceration.   If rehabilitation is considered a valued objective in Ms. Holt's sentencing, then there is a basis of support for this notion of a sentence of probation as opposed to

incarceration in the mandate from congress to the sentencing commission not to use incarceration as means of sentencing to accomplish rehabilitative objectives. See: 28 U.S.C. § 994(k)

Giving the totality of Ms. Holt's circumstances it is sufficiently clear that a sentence that supports the objectives contained in 18 U.S.C § 3553(a)(2)(D) by focusing on educational and rehabilitating measures is a far more appropriate sentence than one which focuses on punishment and incarceration. It is not outside the scope of a reasonable sentencing alternative to impose a sentence of probation that might include specific conditions of home detention or curfew to achieve a sufficient level of punishment. Such special conditions of a sentence of probation would allow Ms. Holt to retain custody of her daughter, enable her continued employment and facilitate attendance in various adult educational programs and substance abuse counseling as well as parenting and life skill classes.

## CONCLUSION

Seeking to secure a perspective on the totality of Ms. Holt's circumstances there is an imbalance of equities between the magnitude of outcomes Ms. Holt is now facing with the possibility of a sentence of incarceration and the path that brought her to this point. Again, this is not an argument, of any degree, to diminish her culpability for her criminal activity. And these consequences are all from her own choices. However, the possibility that Ms. Holt is facing a term of 10 to 16 months imprisonment versus a sentence of probation all from the loss of a 4 level Downward Departure recommendation from the United States based solely upon one positive drug test for marijuana is simply an undue injustice.

Ms. Holt is young, and may be lacking in maturity, but not to the point that she should be denied her right to be a parent from the imposition of a sentence of incarceration. As is the case with any very young single mom of a very young child, she struggles to successfully do her job as a parent and to do so in a responsible, healthy, and loving fashion. She may need help but not the type of help that comes from incarceration.

That a sentence of incarceration is outside the parameters of 18 U.S.C § 3553(a) and with all due consideration to the entirety of factors particular to Ms. Holt's case the imposition of a sentence of

probation is a fair, reasonable and suitable sentence.

On the basis of the foregoing, it is respectfully submitted that Ms. Holt does not deserve a sentence of incarceration.

Respectfully submitted,

/s/ *John J. Llewellyn*
JOHN J. LLEWELLYN
Attorney for Defendant, JAMEKQUA HOLT
P. O. Box 93
Glenview, KY 40025-0093
(502) 585-5829
louellen@bluegrass.net

## CERTIFICATE

I hereby certify that on Saturday, May 14, 2022, I electronically filed the foregoing with the clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to the following:

Assistant United States Attorney: alicia.gomez@usdoj.gov and ann.blaylock3@usdoj.gov

/s/ *John J. Llewellyn*